IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW A. WILL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>　　　　　Defendant. | 8:25CV319<br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff filed a Complaint on August 20, 2025, and was granted leave to proceed in forma pauperis, Filing No. 5. The Court now conducts an initial review of Plaintiff's complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

　　　　The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

　　　　"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the

line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. ANALYSIS

Plaintiff's complaint alleges the State of Nebraska has several laws that contradict federal law ("freedom of speech, etc.") and are therefore unenforceable. Filing No. 1 at 4. The "amount in controversy" is described as "[t]he amount of constitutional laws broken over plaintiff's life span." *Id*. Plaintiff claims he has endured "false unfair treatment" since President Clinton was in office and during President Obama's presidency, but he is not known as a "National Terrorist," *id*. at 4 (quotation marks in original), referencing President George W. Bush with this allegation. His request for relief is "$Ø," noting damage to his ability to achieve, his physique, reputation, and physical conduct. *Id*.

As a supplement to the complaint, Plaintiff attached copies of a Douglas County Department of Corrections Personal Property Receipt, Filing No. 6 at

1, and his complaint against Lock Box Storage Company filed in the Small Claims Court for Douglas County, Nebraska. The Small Claims complaint alleges Lock Box Storage terminated Plaintiff's lease early, and it requests an award of damages. Filing No. 6 at 2.

Upon initial review, the Court must dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is replete with general and conclusory statements. The Court does not understand Plaintiff's complaint, and it is unable to discern what Plaintiff is alleging and requesting. Plaintiff's complaint is frivolous, fails to state a claim, and must be dismissed.

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 29th day of September, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge

3